917 F.2d 1306
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Louisa H.W. SWIFT, Plaintiff-Appellee,
v.
TRUSTEES OF INDIANA UNIVERSITY, et al., Defendants-Appellants.
 No. 88-1648.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 30, 1990.*
Decided Nov. 5, 1990.
 
 Before BAUER, Chief Circuit Judge, and WOOD, JR. and FLAUM, Circuit Judges.
 
 ORDER
 I.
 
 1
 Louisa Swift, a former assistant professor at Indiana University, sued the trustees and several officials of the University under 42 U.S.C. Sec. 1983 and state law. Swift alleged that defendants deprived her of the last year of her three-year teaching contract and a summer faculty fellowship (SFF) in violation of her first and fourteenth amendment rights and state contract law.
 
 
 2
 Upon consent of the parties the district court referred the matter to a magistrate for all proceedings, including trial. 28 U.S.C. Sec. 636(c). After trial, the magistrate found against plaintiff on all issues except for the SFF procedural due process claim, on which judgment was awarded to plaintiff. This court affirmed in an unpublished order. Swift v. Richardson, Nos. 87-2775, 88-1379, 88-1495 (May 19, 1988).
 
 
 3
 After trial, Swift's request for attorney's fees pursuant to 42 U.S.C. Sec. 1988 was granted. Appellants take issue with the award contending that (1) the district court failed to exclude time not reasonably expended or inadequately explained and (2) the hourly rate should have been limited to $70.00 per hour--the contract rate between plaintiff and her counsel.
 
 II.
 
 4
 There is no dispute that plaintiff is entitled to an award of attorney's fees as a prevailing party under Sec. 1988. The dispute in this case centers on the appropriate amount of that award given the fact that plaintiff did not prevail on all of her claims for relief. Hensley v. Eckerhart, 461 U.S. 424 (1983). This court will not disturb an award of attorney's fees unless it clearly appears that the district court abused its discretion. Generally, an abuse of discretion only occurs where no reasonable person can take the view adopted by the trial court. Kossman v. Calumet County, 849 F.2d 1027, 1030 (7th Cir.1988). A trial court can abuse its discretion when it overlooks essential evidence or fails to consider relevant factors. Jardien v. Winston Network, Inc., 888 F.2d 1151, 1159 (7th Cir.1989).
 
 
 5
 The magistrate's finding that the plaintiff's claims were related is not clearly erroneous, Fed.R.Civ.P. 52(a), and the appellants do not seriously contest this finding. Further, upon a review of the record and the briefs in this case, we do not conclude that the magistrate abused his discretion in his award of attorney's fees. Swift achieved substantial relief on her SFF claim. In addition, the work involved in pressing that claim was substantially related to the contract claim. Indeed, the trial court found that "the decision to terminate Swift's employment was in retaliation for her efforts to secure the SFF through legal channels." The magistrate reviewed the request for attorney's fees and, after written and oral submissions, determined that the request was not excessive. Appellants' arguments do not persuade us that the magistrate abused his discretion in determining the total hours reasonably expended.
 
 
 6
 Finally, appellants argue that $70.00, the rate counsel agreed to charge plaintiff, is the hourly rate that the magistrate should have used in the lodestar calculation. A private fee arrangement between plaintiff and counsel, while relevant, does not serve as a ceiling on the amount of attorney's fees that the prevailing plaintiff may recover. Blanchard v. Bergeron, 109 S.Ct. 939, 944-45 (1989). When the plaintiff's fee arrangement is less than a reasonable fee, the defendant is required to pay the higher amount. Id. at 944. The trial judge is better situated than this court to assess the reasonableness of an hourly rate, because he can consider both the experience of the attorneys involved and the rate charged by other lawyers in the community. Jardien, 888 F.2d at 1159.
 
 
 7
 In this case, the magistrate considered all of the evidence, including the contract rate. We cannot conclude that he abused his discretion in using hourly rates ranging from $100.00 to $150.00.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record